Knapp v. Willetts.

## KNAPP v. WILLETTS, appellant.

*Trover — what is not conversion.*

Plaintiff having a brick press for sale left it at defendant's brick yard, in the village of S. He requested defendant, if he did not wish to buy, to take it to the R. & S. freight depot. Defendant took it there with a press of his own which he directed shipped. By mistake, and without fault of defendant, plaintiff's press was shipped with defendant's. Plaintiff wrote defendant that he wished the press sent back, or pay for it. Defendant shipped it back to S., directed in care of one Clark, with whom plaintiff had previously, in defendant's presence, spoken about storing the press. Defendant did not notify the plaintiff of the shipment, but the press arrived shortly after at S. *Held,* not a conversion of the press by defendant.

APPEAL from judgment in favor of plaintiff, entered on report of a referee. The facts appear in the opinion.

*L. B. Pike,* for plaintiff.

*Angel & Jones,* for defendant.

PARKER, J. This action is trover for a brick press and fixtures used in the manufacture of brick.

The answer denies the conversion alleged. The cause was referred, and tried before the referee, who found for the plaintiff.

From the judgment entered upon the referee's report the defendant appeals.

The following facts indisputably appear: Defendant had a brick yard at or near Saratoga Springs. Plaintiff, in the summer of 1870, owned a brick press, which, on learning that defendant wished to purchase one, he took to defendant's brick yard to sell to him, and, defendant being absent, he left the press there. He soon after met defendant and talked with him about his buying it. Defendant replied that he had been absent and had not seen it, that on going home he would determine whether he wanted it, and said: "If I do not buy it what do you want done with it?" Plaintiff told him he wanted it drawn to the freight-house of the Rensselaer & Saratoga Railroad, and said to him: "If you draw it there let me know immediately, so I can ship it to the man who is going to sell it for

me." Defendant replied, " I will do so." He did subsequently, and within a short time after this conversation, draw the plaintiff's press to the freight-house, and at the same time he drew a press of his own, with other implements, to the freight-house to ship to his residence in Allegany county, making a list of his own property, from which it was shipped, consigned to his brother; and plaintiff's press, though not included in the list and placed separate from defendant's property, was, by the mistake of the freight agent, shipped with it. Defendant upon drawing plaintiff's press to the freight-house did not immediately notify plaintiff that he had done so, but informed the person in charge that it was left for plaintiff, and did, not long after, notify him, at which time it was arranged between plaintiff and one Clark, that Clark should draw the press to his own barn and keep it for plaintiff. A week or two after Clark went for the press, and it had then been sent off with defendant's goods.

Finding it was so gone, plaintiff, the following spring, wrote to defendant, saying to him that he wanted the machine or pay for it. Defendant thereupon had the machine shipped to plaintiff in care of said Clark, and it arrived at Saratoga on the 1st day of April, 1871, and remained at the freight-house at the time the suit was commenced, and at the time of the trial.

Upon these facts the referee found that defendant had wrongfully converted the press and fixtures to his own use, and directed judgment in favor of plaintiff against defendant for the value.

I do not think the evidence shows a conversion of the press by the defendant. There has been no appropriation of the property by defendant to his own use, and no refusal to give it up to plaintiff when demanded. He held it, when left in his brick yard by plaintiff, as a bailee, without reward, and did more than he was bound to do when he returned it to the freight-house. His obligation went no further than to require him to permit plaintiff himself to take it away. There is no evidence that it was sent to Allegany county by his direction, but the reverse appears, and for its being sent there he was not responsible. The demand upon him to return it imposed no obligation on him to do so. It was for plaintiff, as before, to take it away, and his sending it back to Saratoga was, as before, doing more than he was bound to do. He sent it to plaintiff in care of Clark. He had the right so to direct it. At the last interview between him, plaintiff, and Clark, when notified that the press had been drawn to the freight-house, plaintiff him-

self put it into Clark's care, to remain until the next brick-making season. Plaintiff testified as follows: "He, defendant, then said to me, it is so late in the season that we shall not probably make any more brick this fall, and if we do go to making brick in the spring, as we probably shall, I will buy your machine and pay you for it." Plaintiff replied: "If you are going to make brick in the spring, and will send your team and take it back, I will let it remain" (that is, with defendant). "He said he had disposed of his team and had none, and was going away immediately. Mr. Clark stood by and said he would send his team and take it to the barn in his coal yard. I assented to that, and paid no more attention to it." This committing of it to Clark was substituted for the contemplated committing of it to defendant. No wrong was done by defendant in directing it as he did. It might have saved trouble if he had notified plaintiff that he had so sent it, but his omission to do this was no conversion, or evidence of conversion, and it was no such gross negligence as made him liable. When plaintiff wrote him to pay for it or send it back in March, 1871, as the referee finds, it was his duty to ascertain, by inquiring at the freight office, whether it had been sent back. It came April 1st following, and was still there at the time of the trial.

I think the referee erroneously found, as a fact, that defendant neglected to inform or notify plaintiff that the press and fixtures had been delivered by him at the depot in Saratoga, and that his conclusion that defendant converted the property to his own use is erroneous.

The judgment should be reversed and a new trial granted, with costs to abide the event.

MILLER, P. J., and P. POTTER, J., concurred.

*Judgment reversed.*